IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL ANDREWS,<br>    Petitioner,<br><br>v.<br><br>TREVOR WINGARD, *et al.*,<br>    Respondents. | CIVIL ACTION NO. 14-5538 |

**MEMORANDUM OPINION AND ORDER**

Rufe, J.                                    April 18, 2017

Before the Court are Petitioner Earl Andrews's *pro se* objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Henry S. Perkin. For the reasons that follow, the Court will overrule the objections and deny the Petition for a writ of habeas corpus.

## I. PROCEDURAL HISTORY

Petitioner is incarcerated in a state correctional institution, having pleaded guilty to three counts of robbery and one count of unauthorized use of an automobile in the Philadelphia County Court of Common Pleas.[1] The trial court originally sentenced Petitioner to an aggregate sentence of five to 11 ½ years of incarceration and 4 ½ years of probation.[2] At sentencing, the court granted Petitioner's request that he report to begin serving his sentence 30 days later. Petitioner was instructed to turn himself in at 11:00 a.m. on June 8, 2009, and was warned that he would suffer consequences if he failed to appear. Following his sentencing, Petitioner, through counsel, filed a motion to withdraw his guilty plea, which the trial court denied two days later.

---

[1] It appears that Petitioner was charged in four separate cases that were consolidated for trial.

[2] Specifically, the trial judge sentenced Petitioner to 3 ½ to seven years of incarceration on the first count; 1 ½ to 4 ½ years of incarceration on the second count, to run consecutively to the first count; 4 ½ years of probation on the third count, to run consecutively to the first count and concurrently to the second count; and two years of probation on the fourth count, to run concurrent with the last two years of the probation sentence on the third count.

On June 8, 2009, Petitioner failed to report to begin serving his sentence. Because his attorney was on vacation at the time, the trial court appointed another attorney to represent him. The court resentenced Petitioner *in absentia* to 11 ½ to 23 years of incarceration and issued bench warrants for his arrest.[3] The judge stated that he was resentencing Petitioner because he had violated the terms of his probation by failing to turn himself in.[4]

In September 2009, Petitioner was arrested for an unrelated crime in Pittsburgh, and was returned to Philadelphia to begin serving his sentence for the convictions in this matter. When asked by the court at a subsequent bench warrant hearing why he failed to report, Petitioner explained that he had just gotten married and "[his] heart got the best of [him]."[5] The judge held Petitioner in contempt of court on each conviction and sentenced him to an additional three to six months of imprisonment.[6] Because he was a fugitive for months following his conviction, Petitioner did not appeal the underlying conviction or sentence. He did, however, appeal the contempt sentence imposed on each conviction, arguing that the sentences violated double jeopardy and that he was entitled to a jury trial on them. The Pennsylvania Superior Court denied the appeal.

On February 16, 2010, Petitioner filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA").[7] He then filed a counseled amended petition, as well as a *pro se* supplement to the amended petition. His petition alleged that trial counsel was ineffective for (1) failing to affirm that Petitioner was mentally capable of entering a knowing and voluntary

---

[3] N/T 6/8/09 at 12.

[4] *Id.* at 10.

[5] N/T 3/18/10 at 5.

[6] *Id.* at 10.

[7] 42 Pa. Cons. Stat. Ann. §§ 9541, *et seq.* In the *pro se* petition, he raised a claims that his resentencing was unconstitutional and that his trial counsel was ineffective. However, these claims were not included in his amended petition, and therefore they were not reviewed by the PCRA court.

2

guilty plea; (2) allowing Petitioner to accept a turn-in date without making sure he was capable of abiding by it; (3) failing to request a continuance of sentencing to determine whether Petitioner's failure to appear was due to his mental condition; (4) failing to advise Petitioner that, despite the motion to withdraw his plea, he would still have to report to begin his sentence; and (5) filing an inadequate motion for withdrawal of Petitioner's guilty plea.[8] The PCRA court dismissed the petition, and the Superior Court denied Petitioner's appeal of that decision.

Petitioner filed a timely habeas petition in this Court on October 6, 2014, claiming that his due process rights were violated when he was resentenced *in absentia*, that his amended sentence was unconstitutional because it violated Pennsylvania statutes, that his resentencing violated the double jeopardy clause, and that the procedural default of his claims should be excused because his counsel was ineffective. Upon review of the record and pleadings in the case, the Magistrate Judge issued the R&R, recommending that Petitioner's claims be denied without a hearing, to which Petitioner filed objections.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition. Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[9] Where, as here, the petition is referred to a magistrate judge for a report and

---

[8] Am. Pet. (5/9/11) ¶ 18. It appears that Petitioner raised only claims relating to his mental capacity because any other claim would have been deemed waived for Petitioner's failure to raise it on direct appeal. *See Com. v. Brown*, 872 A.2d 1139, 1144 (Pa. 2005) ("An allegation is deemed waived 'if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state postconviction proceeding.'") (quoting 42 Pa.C.S. § 9544(b)); *Com. v. Silo*, 364 A.2d 893, 894 (Pa. 1976) ("The question of competency is an issue that cannot be effectively waived.").

[9] 28 U.S.C. § 2254(a).

recommendation, a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[10]

In order to raise a federal habeas claim, a petitioner must first exhaust all available state-law remedies.[11] A habeas petitioner's claims must have been "fairly presented" to state courts; that is, the claims raised in this Court must be the "substantial equivalent of the claims presented to the state courts."[12] Claims that are not exhausted will become procedurally defaulted, foreclosing federal habeas review on the merits unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[13] "The 'cause' necessary to excuse the exhaustion requirement 'must result from circumstances that are external to the petitioner, something that cannot fairly be attributed to him.'"[14] The United States Supreme Court has emphasized that the fundamental miscarriage of justice exception applies to only "a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[15]

Petitioner's objections in part concern ineffective assistance of counsel. Counsel is presumed to have acted reasonably and to have been effective unless a petitioner can

---

[10] 28 U.S.C. § 636(b)(1).

[11] *See* 28 U.S.C. § 2254(b)(1)(A) (requiring that a petitioner "has exhausted the remedies available in the courts of the State" before a claim is cognizable on federal habeas review).

[12] *Santana v. Fenton*, 685 F.2d 71, 73-74 (3d Cir. 1982) (citations omitted).

[13] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[14] *Hill v. Lavan*, No. CIV. A. 03-5271, 2005 WL 1949621, at *1 (E.D. Pa. Aug. 9, 2005) (citation omitted).

[15] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933, 185 L. Ed. 2d 1019 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)).

4

demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the petitioner.[16] Counsel's performance is only deficient when it is "outside the wide range of professionally competent assistance."[17] Prejudice occurs upon a showing that there is a reasonable possibility that but for counsel's deficient performance, the outcome of the underlying proceeding would have been different.[18]

## III. DISCUSSION

Petitioner raises two objections to the R&R: (1) the Magistrate Judge should have concluded that his trial counsel's ineffectiveness constituted exceptional circumstances to excuse the procedural default of his claims; and (2) the Magistrate Judge "misrepresent[ed] Petitioner's claims regarding sentencing," and failed to address whether the "blatant departure" from statutory rules at his resentencing violated his due process rights.[19] The Court will discuss each objection in turn.

### A. Whether Ineffectiveness of Trial Counsel Constitutes Exceptional Circumstances to Excuse Petitioner's Default

Petitioner first claims that the Magistrate Judge erred by concluding that exceptional circumstances did not exist to excuse the procedural default of his claims. He argues that exceptional circumstances existed because trial counsel was constitutionally ineffective when she allowed him to plead guilty despite knowing that such a plea would not be knowingly made, and when she chose to vacation when Petitioner was to begin serving his sentence.

First, with regard to the contention that his attorney was ineffective for allowing him to plead guilty despite knowing of his incompetence, Petitioner raised this argument in his PCRA

---

[16] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[17] *Id.* at 690.

[18] *Lewis v. Horn*, 581 F.3d 92, 106-07 (3d Cir. 2009).

[19] Doc. No. 22 at 4-5.

5

petition, and the Superior Court found that it was belied by the record and otherwise meritless. When the state court has squarely addressed the issue of counsel's representation, this Court faces a double layer of deference.[20] In these cases, "the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, which is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[21]

The Superior Court, in denying Petitioner's PCRA appeal, determined that despite a prior diagnosis for paranoid schizophrenia, the record as a whole did not support Petitioner's contention. The Superior Court cited the transcript of Petitioner's change of plea hearing, which included statements by Petitioner's counsel that, based on her review of medical records including a recent competency evaluation, she had no reason to doubt Petitioner's competency.[22] The transcript also included comments by the trial court that Petitioner appeared to be "fine" and "articulate."[23] Furthermore, at the bench warrant hearing in March 2010, which followed Petitioner's arrest in Pittsburgh, Petitioner did not cite mental health issues as a reason for his failure to appear on his turn-in date.[24] Based on the foregoing, the Superior Court concluded that the record did not support a finding that trial counsel provided constitutionally ineffective assistance related to Petitioner's guilty plea. The Court concludes that the Superior Court's analysis was a reasonable application of federal law.

As to Petitioner's argument that his counsel was ineffective for being on vacation the day he was due to begin serving his sentence, the Court need not consider this claim as it was raised

---

[20] *Premo v. Moore*, 562 U.S. 115, 122-23 (2011).

[21] *Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 789 (2011).

[22] N.T. 6/8/09 at 7.

[23] *Id.*

[24] *Com. v Andrews*, 1103 EDA 2012, at 10.

6

for the first time in his objections.[25] In any event, the argument is without merit because Petitioner has not shown that, absent his attorney's failure to appear the day he was due to report, the result of that proceeding would have been different. The acts or omissions of counsel did not change the fact that Petitioner himself unquestionably failed to report to begin serving his sentence. Because Petitioner has offered no new evidence to demonstrate cause or prejudice for his default, or to show that "it is more likely than not that no reasonable juror would have convicted" him, the Court will overrule this objection.[26]

### B. Whether Petitioner's Resentencing *In Absentia* Was Unconstitutional

Petitioner's second objection concerns the Magistrate Judge's analysis of his resentencing claim. He claims that his resentencing *in absentia* was unconstitutional because it violated Pennsylvania statutes, due process, and double jeopardy. Petitioner did not raise this claim in the PCRA proceedings.[27] As noted above, Petitioner has not shown the requisite exceptional circumstances to excuse the procedural default of his claims, and the Court is thus foreclosed from considering this claim. A brief discussion of the claim is nonetheless warranted.

Petitioner argues that the Magistrate Judge misconstrued the legal theory under which he sought relief, but he is mistaken.[28] The Magistrate Judge determined that Petitioner's resentencing claim was procedurally defaulted, noted that the claim was noncognizable to the

---

[25] *See Codner v. Warden–Pike Cty.*, Civil Action No. 15–5176, 2016 WL 5721199, at *6 (E.D. Pa. Oct. 3, 2016) ("This Court joins the other courts within this district that have declined to address claims raised for the first time in objections on the basis that it is too late to raise them now for the first time."); *Stromberg v. Varano*, No. CIV.A. 09-401, 2012 WL 2849266, at *2 (E.D. Pa. July 11, 2012) ("The Court is not required to consider the new arguments raised, for the first time, in Petitioner's Objections to the R&R.").

[26] *McQuiggin*, 133 S. Ct. at 1933.

[27] Though Petitioner raised this claim in his original *pro se* PCRA petition, he did not include it in his amended petition, likely because his lawyer knew it would be deemed waived, and it was therefore not considered by the PCRA courts.

[28] Petitioner also maintains that the Magistrate Judge improperly focused on his sentencing rather than his resentencing, but he is mistaken. Although the Magistrate Judge characterized this claim as an assertion that "the state courts violated Petitioner's due process rights by sentencing him *in absentia*," he confined his analysis to the propriety of Petitioner's resentencing after he failed to report. Doc. No. 16 at 12.

7

extent it alleged violations of state statutes,[29] and explained that, even if he could properly consider Petitioner's claim, the claim lacked merit. The Court agrees with the Magistrate Judge to the extent he concluded that the claim is procedurally defaulted and the trial judge acted within the 30-day statutory limit.

Petitioner primarily argues that the trial court violated his due process rights when it "resentenced Petitioner after the lapse of its lawful jurisdiction" pursuant to 42 Pa. C.S. § 5505.[30] In other words, Petitioner alleges that the trial court's resentencing outside the 30-day window prescribed by § 5505 constitutes a violation of his constitutional rights. He is correct that the statute requires that any modification of a sentence be made within 30 days of the original sentence; however, the 30-day deadline fell on a Sunday, and the judge's resentencing the following Monday was therefore within the 30-day window permitted by § 5505.[31]

Petitioner also alleges that the resentencing violated double jeopardy and due process. The courts that have commented on Petitioner's claim have agreed that the resentencing was proper because it resulted from a probation violation, but this is not supported by the record. While such a resentencing may be permitted under Pennsylvania law,[32] Petitioner was not on probation when he failed to turn himself in. His term of probation was not imposed to commence immediately, but rather his probation was to run *consecutively* to his 1 ½- to 4 ½-year sentence of incarceration on the first count. Therefore, it appears that his failure to report was

---

[29] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

[30] Doc. No. 22 at 4. 42 Pa. C.S. § 5505 provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

[31] *See* 1 Pa. C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[32] 42 Pa. C.S. § 9771(c)(2)-(3) (a court may impose a sentence of confinement based on a probation violation where "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned" or "such a sentence is essential to vindicate the authority of the court").

not a violation of probation, and it is not clear from the record what the basis for resentencing was, or whether it was justified. It also bears noting that no effort was made to provide notice to Petitioner, as required by § 5505, the ostensible authority for the resentencing.[33]

Despite these deficiencies in the record, the Court cannot afford Petitioner relief because the claim is procedurally defaulted. Plaintiff failed to file a direct appeal because he was on the run. After he was arrested and brought back to Philadelphia, he apologized and explained that he had just gotten married and "[his] heart got the best of [him]."[34] His decision to forego a direct appeal was therefore a conscious one and not due to circumstances beyond his control. Petitioner has not shown the requisite cause and prejudice to excuse his default, nor has he argued that actual innocence compels relief.[35] The Court will therefore overrule Petitioner's second objection.[36]

---

[33] *See Com. v. Colding*, 114, 393 A.2d 404, 405 (Pa. 1978) ("Reconsideration of a sentence should, of course, take place only following notice to all parties and an opportunity to be heard.").

[34] N/T 3/18/10 at 5.

[35] At least one court in this district has recognized the possibility of a sentencing claim meeting the "fundamental miscarriage of justice" exception (and, interestingly, the illegal sentence in that case was imposed by Petitioner's trial judge). *See Watts v. Mahally*, No. CV 15-3740, 2017 WL 1150619, at *9 (E.D. Pa. Mar. 27, 2017) ("Even if the sentencing claim were procedurally defaulted, this Court would nonetheless remand for resentencing because to do otherwise would 'result in a fundamental miscarriage of justice.'").

However, the Third Circuit has repeatedly held that this exception is reserved for petitions presenting "evidence *of innocence* so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (quoting *McQuiggin*, 133 S. Ct. at 1936) (emphasis added); *see also Hill*, 2005 WL 1949621, at *1 ("'The miscarriage of justice exception . . . applies only to the case where the miscarriage is tied to the petitioner's actual innocence.' Thus, because Hill's illegal sentence claim does not suggest that he is actually innocent of the underlying offense (only that he is receiving too harsh a punishment), he must demonstrate 'cause and prejudice' before we may reach the merits of his illegal sentence claim.") (quoting *Johnson v. Pinchak,* 392 F.3d 551, 564 (3d Cir. 2004)). Moreover, Petitioner does not argue that the sentence ultimately imposed was itself illegal, and it does not appear that it was.

[36] Petitioner also argues that his resentencing was improper under 42 Pa. C.S. § 9754(d), which requires that a finding be made on the record that a violation has occurred prior to any sentence being imposed, and that the trial judge was without power to sentence him to imprisonment for contempt, because under 42 Pa. C.S. § 4133, the judge could only have imposed a fine. The Court declines to address these arguments, as Petitioner raises them for the first time in his objections. *See Codner*, 2016 WL 5721199, at *6.

The Court will not grant Petitioner's request for "another opportunity to more adequately articulate his position" because, as discussed above, his claims are procedurally defaulted. Doc. No. 22 at 5.

9

## IV. CONCLUSION

Petitioner's objections to the R&R are overruled. Because he has not made a substantial showing of the denial of a constitutional right, and there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," a certificate of appealability will not issue.[37] An order will be entered.

---

[37] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).